UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDGARDO RUIZ VELASCO,

    Plaintiff,

v.                      CASE NO. 8:21-cv-1962

REV-TECH MANUFACTURING
SOLUTIONS LLC,

    Defendant.
_____/

**DEFENDANT'S NOTICE OF REMOVAL OF ACTION**

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Rev-Tech Manufacturing Solutions, LLC ("Rev-Tech") files this notice to remove the above-styled action filed by Plaintiff Edgardo Ruiz Velasco ("Plaintiff") from the Circuit Court for the Sixth Judicial Circuit, in and for Pinellas County, Florida, to the United States District Court for the Middle District of Florida on the following grounds:

1.    <u>Nature of the Action</u>: This is a civil action alleging violations of 42 U.S.C. § 1981.

2.    <u>Plaintiff</u>: Plaintiff instituted this action by filing his Complaint in the Circuit Court for the Sixth Judicial Circuit, in and for Pinellas County, Florida. Plaintiff's Complaint, entitled *Edgardo Ruiz Velasco v. Rev-Tech Manufacturing*

*Solutions LLC*, Case No. 21-003546-CI, was filed with the state court on July 23, 2021.

3. <u>Service on Defendant</u>: Rev-Tech received a copy of the Complaint on July 27, 2021 through service of process on its registered agent. Thus, Rev-Tech's time to remove this action commenced on July 27, 2021 pursuant to 28 U.S.C. § 1446(b).

4. <u>Timing of Notice of Removal</u>: Pursuant to 28 U.S.C. § 1446(b), Rev-Tech timely files this Notice of Removal within 30 days of the date on which it was served with Plaintiff's Complaint.

5. <u>Original Jurisdiction</u>: This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, because Plaintiff asserts claims arising under 42 U.S.C. § 1981. As such, the action is removable pursuant to 28 U.S.C. §§ 1441 and 1446.

6. <u>Venue</u>: Pursuant to 28 U.S.C. § 1441(a), venue of this removal action is proper in the United States District Court for the Middle District of Florida, Tampa Division, because it is in the district and division embracing the place where the state court action is pending. In addition, as described in the Complaint, Plaintiff alleges that "all material events occurred in Pinellas County, Florida." (Compl. ¶ 8.) Accordingly, venue is proper in the United States District Court for the Middle

District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391, 28 U.S.C. § 1441(a), and M.D. Fla. Local Rule 1.04.

Pursuant to 28 U.S.C. § 1446(a) and M.D. Fla. Local Rule 1.06(b), copies of all process, pleadings, orders, and other papers filed in the state court are attached to this Notice as Composite Exhibit A.

Date: August 16, 2021

Respectfully submitted,

/s/ John E. Phillips
John E. Phillips
Florida Bar No.: 823155
john.phillips@phelps.com
Jolee Land
Florida Bar No 0135860
jolee.land@phelps.com
PHELPS DUNBAR LLP
100 South Ashley Drive, Suite 2000
Tampa, Florida 33602-5311
813-472-7550
813-472-7570 (FAX)

Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 16, 2021, a true and correct copy of the foregoing was served via regular U.S. Mail to the following:

Kyle J. Lee, Esq.
Lee Law, PLLC
1971 West Lumsden Road, Suite 303
Brandon, FL 33511
(813) 343-2813
Kyle@KyleLeeLaw.com

Attorneys for Plaintiff

/s/   John E. Phillips
Attorney

PD.34840975.1