IN THE CIRCUIT COURT FOR THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA

EDGARDO RUIZ VELASCO,

    PLAINTIFF,                                   Case No.:

v.

REV-TECH MANUFACTURING SOLUTIONS LLC.,

    DEFENDANT.

_____/

## COMPLAINT

Plaintiff, by and through his counsel, brings this action for damages and alleges that he was discriminated against on the basis of his race (Hispanic), and was later retaliated against by Defendant based on his complaints about racial discrimination. In further support of his allegations, Plaintiff states as follows:

Parties

1.    Plaintiff, Edgardo Ruiz-Velasco, is a qualified Hispanic male and a member of a protected class due to his race.

2.    Plaintiff was an employee of the Defendant, Rev-Tech Manufacturing Solutions LLC., in the four years prior to this action.

3.    Defendant is a for-profit, domestic corporation operating as a manufacturing enterprise.

4.    Plaintiff worked as a laborer for Defendant from approximately June 8, 2020, until December 29, 2020.

***ELECTRONICALLY FILED 07/23/2021 12:21:50 AM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

Jurisdiction

5. Plaintiff is domiciled in Hillsborough County, Florida.

6. Defendant is a corporation domiciled in Pinellas County, Florida.

7. Defendant conducts business and employed Plaintiff in Pinellas County, Florida and the amount in controversy exceeds $66,251,.

8. All material events occurred in Pinellas County, Florida.

9. This lawsuit has been filed in a timely manner.

10. All prerequisites have been satisfied.

11. Plaintiff is a Hispanic male and therefore a member of a protected class.

12. Defendant is subject to 42 U.S.C 1981.

13. Plaintiff is entitled by virtue of 42 U.S.C. 1981 to be protected from racial discrimination and is further entitled to be free from retaliation in the workplace for reporting to his employer Plaintiff's race-based discrimination related complaints.

General Factual Allegations

14. Plaintiff was employed by Defendant as an employee.

15. Specifically, Plaintiff was employed by Defendant as a machinist.

16. As a machinist, Plaintiff was responsible for working alongside Defendant's employees to operate the machines in Defendant's facility.

17. Defendant determined Plaintiff's rate of pay, working hours, work assignments, reviewed Plaintiff's work, and had the authority to discipline Plaintiff.

18. Plaintiff worked inside of Defendant's facility and worked under the direct supervision of Defendant's General Manager, Riley Genz.

19. At all times working for Defendant, Plaintiff utilized Defendant's tools and equipment to complete all work tasks.

20. Mr. Genz met with Plaintiff daily around 7:30 a.m. to provide guidance and information regarding safety protocols and check the status of production.

21. During the entirety of Plaintiff's employment with Defendant, Defendant treated Plaintiff with hostility and in a desperate manner because of Plaintiff's race, Hispanic.

22. Specifically, Defendant's employees regularly and routinely called Plaintiff a "wetback" and a "spik" because Plaintiff is Hispanic and because Plaintiff was born in Mexico. The terms "wetback" and "spik" are both hostile and racially derogatory terms used to derogate and insult Mexican and Hispanic individuals. Defendant's employees called Plaintiff "spik" and "wetback" on a consistent and daily basis during Plaintiff's employment with Defendant.

23. Plaintiff complained to Mr. Genz about being called a spik and a wetback in the workplace by Defendant's employees. Mr. Genz failed, refused, and neglected to discipline the individuals who constantly harassed Plaintiff because of his race.

24. On several occasions, Defendant's employee approached Plaintiff in a hostile manner holding a Mexican flag and then proceeded to wipe his rear ends with the Mexican flag while calling Plaintiff to get his attention.

25. Plaintiff complained to his supervisor "Marlon" in response to Defendant's employee rubbing the Mexican flag on his rear end.

26. Marlon refused to report the racial discrimination reported by Plaintiff to Defendant's human resources department.

27. During the entirety of Plaintiff's employment with Defendant, Plaintiff was the one of only two Hispanic males working under Mr. Genz supervision.

28. Defendant's employees and managers regularly and habitually made racist, derogatory, and racially charged statements to Plaintiff.

29. Plaintiff worked for Defendant as a temporary employee and desired to be promoted by Defendant as a full-time employee.

30. Defendant informed Plaintiff that Defendant would not promote any temporary employees as full-time employees until the temporary employee worked at least 90 days in a temporary employee capacity.

31. However, while Plaintiff was working for Defendant, Defendant promoted a White machinist, Ed Doyle, as a full-time employee after only 30 days.

32. Neither Plaintiff nor the other Hispanic worker were ever promoted to full-time status despite having a longer tenure with Defendant than Ed Doyle (White).

33. Plaintiff was more qualified as a machinist than Ed and Defendant ordered Plaintiff to train Ed on how to operate Defendant's machines.

34. On December 2, 2020, Plaintiff complained to Grace Smoker, Director of Human Resources, about the racist comments made to Plaintiff in the workplace and about not being promoted to a full-time position in the same manner as White employees.

35. Approximately three weeks later, on December 29, 2020, Defendant retaliated against Defendant for his complaints of racial discrimination by terminated Plaintiff's employment.

36. Defendant terminated Plaintiff's employment with extreme prejudice in direct response to Plaintiff's complaints.

37. At the time Plaintiff made his complaints to Defendant, Plaintiff was an employee in good standing and did not believe he was going to be terminated.

38. Defendant terminated Plaintiff's employment because Plaintiff is a Hispanic male.

39. Plaintiff was terminated by Defendant because he made complaints to Defendant about racial discrimination he experienced while working for Defendant.

40. Prior to Plaintiff's complaint about racial discrimination on December 29, 2020, he had not been the subject of any disciplinary actions and was a high performing employee.

41. Prior to Plaintiff's termination on December 29, 2020, he had not received any negative performance evaluations and was not on any performance improvement plan.

42. Plaintiff had no reason to believe that he would be terminated on December 29, 2020.

43. Plaintiff was damaged emotionally and financially as a direct result of Defendant's termination.

## Count One
### Race Discrimination in violation of 42 U.S.C. 1981

44. Plaintiff hereby incorporates and re-alleges 1-43, above.

45. Plaintiff is a Hispanic male and therefore a member of a protected class due to his race.

46. Plaintiff was employed by Defendant from approximately June 8, 2020 until December 29, 2020.

47. Plaintiff was qualified to perform the duties and responsibilities of his position with Defendant.

48. During Plaintiff's employment with Defendant, Defendant's employees routinely called Plaintiff a spik and a wetback because of Plaintiff's race, Hispanic.

5

49. During Plaintiff's employment with Defendant, White employees were promoted to full-time employees within 30 days whereas Plaintiff another other Hispanics were required to wait 90 days.

50. Defendant treated Plaintiff in a less favorable manner than non-Hispanic employees because Plaintiff is a Hispanic male.

51. Plaintiff was entitled to be treated in the same manner as non-Hispanic employees and was entitled to receive the same terms, conditions, privileges, and benefits as the non-Hispanic employees in Defendant's workplace.

52. 42 U.S.C. § 1981, in pertinent part states "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other, thereby prohibiting employers such as Defendant from subjecting Plaintiff to a racially hostile work place.

53. Under 42 U.S.C. 1981, Defendant was not permitted to subject Plaintiff to a racially disparate workplace.

54. Despite the provisions of 42 U.S.C. 1981, Defendant took adverse employment actions against Plaintiff because of Plaintiff's race.

55. Plaintiff was financially and emotionally damaged as a direct result of Defendant's discriminatory treatment and retaliation.

**Count Two**
**Retaliation in violation of 42 U.S.C. 1981**

56. Plaintiff hereby incorporates and re-alleges 1-43, above.

57. Plaintiff is a Hispanic male and therefore a member of a protected class due to his race.

58. Plaintiff was employed by Defendant from approximately June 8, 2020 until December 29, 2020.

59. Plaintiff was subjected to racially disparate workplace environment repeatedly throughout the period in which Plaintiff worked for Defendant.

60. Defendant consistently and habitually treated Plaintiff in a less favorable manner than non-Hispanic employees in Defendant's workplace.

61. Defendant treated Plaintiff in a less favorable manner than non-Hispanic employees because Plaintiff is a Hispanic male.

62. Plaintiff was entitled to be treated in the same manner as non-Hispanic employees and was entitled to receive the same terms, conditions, privileges, and benefits as the non-Hispanic employees in Defendant's workplace.

63. 42 U.S.C. 1981, in pertinent part states "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other, thereby prohibiting employers such as Defendant from subjecting Plaintiff to a racially hostile work place.

64. On December 2, 2020, Plaintiff reported and objected to the racially disparate workplace which Plaintiff was subjected while employed by Defendant.

65. In fact, Plaintiff complained and objected to Defendant's Director of Human Resources about Defendant's racially discriminatory treatment and behavior towards Plaintiff due to his race.

66. Plaintiff complaints were made directly to Defendant and was told his meetings with Human Resources would be documented.

67. Plaintiff's complaints were made in good faith and were protected activities.

68. Under 42 U.S.C. 1981, Defendant was not permitted to retaliate against Plaintiff for his good faith complaints to Defendant.

69. Despite the provisions of 42 U.S.C. 1981, Defendant retaliated against Plaintiff with extreme prejudice in direct response to Plaintiff good faith complaints about racial discrimination.

70. On December 29, 2020, Defendant terminated Plaintiff's employment because Plaintiff complained about racial discrimination.

71. Plaintiff was financially and emotionally damaged as a direct result of Defendant's retaliatory behavior.

**Jury Demand and Prayer for Relief**

WHEREFORE, Plaintiffs desires a trial by jury and judgment and all relief available under 42 U.S.C. 1981, including emotional distress, punitive, compensatory damages as well as reasonable attorney fees and costs and pre-judgment interest, not back or front pay.

Respectfully submitted this 23rd day of July, 2021.

/S/ Kyle J. Lee
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, Florida 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com
Info@KyleLeeLaw.com